# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11504
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES BOGGS, also known as "Nasty",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-118-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Charles Boggs appeals the 240-month sentence imposed for his conviction for conspiracy to possess with intent to distribute a controlled substance. First, he contends that the district court clearly erred in imposing the U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a dangerous weapon. The district court had a reliable basis on which to plausibly find a spatial and temporal connection between Boggs's firearm possession and drug-trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11504

activity. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013); *United States v. Marquez*, 685 F.3d 501, 507 (5th Cir. 2012). Accordingly, the district court did not clearly err in finding that he possessed a dangerous weapon. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014).

Next, Boggs contends that the district court clearly erred in imposing the U.S.S.G. § 3C1.1 enhancement for obstruction of justice. "We may affirm an enhancement on any ground supported by the record." *United States v. Garcia-Gonzalez*, 714 F.3d 306, 314 (5th Cir. 2013). The district court's findings that Boggs solicited and submitted a false letter from a codefendant to try to reduce his sentence plausibly supported its ultimate conclusion that he obstructed justice. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008); § 3C1.1, comment. (n.4(F)). Accordingly, the district court did not clearly err in finding that Boggs obstructed justice. *See Juarez-Duarte*, 513 F.3d at 208.

Lastly, Boggs contends that the district court's denial of the U.S.S.G. § 3E1.1 reduction for acceptance of responsibility was without foundation. The district court's finding that Boggs falsely denied that he possessed a firearm was not without foundation given the statements of his coconspirators. *See Juarez-Duarte*, 513 F.3d at 211. Accordingly, the district court's denial of the reduction for acceptance of responsibility was not without foundation because Boggs falsely denied relevant conduct. *See id.*; § 3E1.1, comment. (n.1(A)).

The judgment of the district court is AFFIRMED.